**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Richard Villar

     v.                           Civil No. 15-cv-270-LM
                                       Opinion No. 2016 DNH 138

Federal Bureau of Investigation
et al.

**O R D E R**

Richard Villar, a prisoner, brings this suit pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), challenging the refusal of the Federal Bureau of Investigation to disclose certain documents and information that he requested pursuant to that statute.[1]  Before the court are several motions, including:

- Defendants' motion to dismiss Villar's purported constitutional tort claims (doc. no. 15);

- Villar's motion for a subpoena duces tecum (doc. no. 20); and

- Villar's motion to amend his complaint (doc. no. 29).[2]

---

[1] In addition to the Federal Bureau of Investigation ("FBI"), Villar names David M. Hardy, Section Chief of the FBI's Records Management Division, and FBI Special Agent Brian Keefe as defendants in this action.

[2] Defendants also filed a motion to extend the time to object to Villar's motion to amend the complaint (doc. no. 31).

In addition, Villar filed a "motion to amend the motion
that was amended in plaintiff's objection to the defendants'
motion to dismiss plaintiff's claim under Rule 15(a)."  Doc. no.
30.  In that filing, Villar appears to seek to amend his
objections (doc. nos. 18 and 22) to defendants' motion to
dismiss his constitutional claims.  The court therefore
construes document no. 30 as an addendum to Villar's objections
to defendants' motion to dismiss, and considers those arguments
in ruling on defendants' motion.

## Background

I.   Villar's Conviction and Habeas Petitions

In January 2008, Villar was convicted of robbery and
conspiracy to commit armed robbery.  See United States v.
Villar, No. 1:06-cr-85-PB ("Villar I"), doc. no. 120.  On
remand, after Villar appealed his conviction alleging juror bias
and challenging his sentence, see United States v. Villar, 586
F.3d 76 (1st Cir. 2009), the district court denied Villar's
motion to set aside the verdict and upheld his conviction.  See
Villar I, Oral Order, June 21.  Villar filed a second appeal,

---

Villar did not object to that motion.  Defendants' motion is
granted, and the court considers herein defendants' objection
(doc. no. 32) to Villar's motion to amend his complaint.

and the First Circuit affirmed his conviction.  See Villar I,
doc. no. 191.

Villar then filed a petition for a writ of habeas corpus
under 28 U.S.C. § 2255.  See Villar v. United States, 11-cv-592-
PB ("Villar II").  The court denied Villar's petition on January
20, 2012.  See id. at doc. no. 5.  The First Circuit denied
Villar's request for a certificate of appealability and
terminated his appeal.  See id. at doc. no. 17.

On December 3, 2013, Villar filed a second habeas corpus
petition under § 2255.  See Villar v. United States, 13-cv-518-
PB ("Villar III").  The court denied the petition without
prejudice, holding that it lacked the power to consider a second
petition under § 2255 unless Villar first obtained permission
from the First Circuit authorizing him to file the petition.
See Villar III, doc. no. 3.  The First Circuit denied Villar
permission to file a second or successive habeas corpus petition
on July 3, 2014.  See Villar I, doc. no. 209.

On November 3, 2014, Villar filed a "Pro Se Complaint for
Set Aside the Judgment Pursuant to Fed. R. Civ. P. Rules
60(b)(3), 60(d)(3), and 60(b)(6)."  See Villar v. United States,
14-cv-491-WES (doc. no. 1) ("Villar IV").  In that action,
Villar named as defendants the trial judge, the prosecuting
attorney, the investigating agent from the FBI, and his trial
counsel, alleging a conspiracy to violate his due process rights

at trial.  As in the prior habeas petitions, Villar alleged in
his complaint in Villar IV that the government had failed to
disclose benefits, promises, and inducements provided to Shauna
Harrington, a witness who had testified against him at his
criminal trial.

On January 14, 2014, the Magistrate Judge recommended
dismissal of Villar's action, noting that it constituted
Villar's third successive habeas corpus petition without leave
of the First Circuit.  See Villar IV, doc. no. 16.  Villar
objected to the Magistrate Judge's report and recommendation,
and filed several motions.  One of Villar's motions sought leave
to amend his complaint to add allegations that the FBI had
wrongfully denied his FOIA request for impeachment evidence
against Shauna Harrington and to add claims for violation of his
Brady/Giglio[3] rights at trial, arising from the alleged failure
to disclose impeachment evidence sought in his FOIA request.

In response to Villar's motions, the Magistrate Judge
issued an amended report and recommendation ("R&R").  See Villar
v. United States, No. 14-cv-491-WES, 2015 WL 5714706 (D.N.H. May
29, 2015).  In the amended R&R, the Magistrate Judge recommended
dismissal of Villar's complaint, noting that it "was fatally

---

[3] See Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v.
United States, 405 U.S. 150 (1972).

flawed in that it consisted entirely of a reprise of his failed § 2255 arguments cloaked in a 42 U.S.C. § 1983/Bivens[4] action." Id. at *4.  The Magistrate Judge held that "[h]aving twice been denied leave, Plaintiff cannot proceed with a successive habeas petition, whether cloaked in a § 1983/Bivens action or presented in a Rule 60(b) motion."  Id.

The Magistrate Judge also found that the complaint was barred by Heck v. Humphrey, 512 U.S. 477 (1994).  The court noted that "Heck mandates dismissal of any § 1983/Bivens suit that would 'necessarily imply' the invalidity of a conviction; such a claim is not cognizable under § 1983/Bivens unless and until a challenge to the conviction is favorably resolved." Villar, 2015 WL 5714706, at *4.  The court recommended dismissal of the original complaint, stating "[a]t bottom, Plaintiff had filed a third and successive § 2255 petition masquerading as a § 1983/Bivens civil action, which is clearly prohibited by 28 U.S.C. § 2244(b)(1) and (b)(3)(A)."  Id.

The Magistrate Judge also recommended denying Villar's motion to amend his complaint as futile because the proposed amended complaint was based on the same allegations as those set forth in the original complaint.  See id. at *5-6.  The Magistrate Judge noted that Villar's proposed amended complaint

---

[4] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

contained "new material that could be interpreted as an administrative appeal from the FBI's withholding of documents from the set produced in response to his FOIA request."  Id. at *6.  The Magistrate Judge stated that "to the extent Plaintiff wishes to file an administrative appeal in an appropriate federal district court from the FBI's partial denial of his FOIA request, this recommendation does not restrict his ability to bring a separate civil action for that claim, subject to all defenses available to any defendant that he sues."  Id.  On September 28, 2015, the district court adopted the Magistrate Judge's R&R.  See Villar v. United States, No. 14-cv-491-WES, 2015 WL 5725231 (D.N.H. Sept. 28, 2015).

II.  Procedural Background

        Villar, proceeding pro se, filed this action on July 10, 2015, asserting claims against the FBI, David Hardy, and Brian Keefe arising out of the FBI's alleged failure to provide records under FOIA, as he had alleged in Villar IV.  The complaint also states that Villar is asserting claims against defendants in their official and individual capacities under § 1983 and Bivens.  In his prayer for relief, however, Villar requests only that the court order defendants to provide copies of records he had requested under FOIA regarding Harrington, the witness who testified against him at his criminal trial.

Because Villar was pro se at the time he filed this action, his complaint was subject to preliminary review pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).[5]  On preliminary review, the Magistrate Judge found that the complaint asserted a claim under FOIA and ordered service of the complaint on defendants.  See doc. no. 10.  The Magistrate Judge did not address the complaint's allegations purporting to assert claims against defendants in their official and individual capacities under § 1983 and Bivens.

Defendants now move to dismiss Villar's complaint to the extent it purports to assert any constitutional tort claims against any defendant, because such claims are not cognizable for alleged violations of FOIA.  See doc. no. 15.  Defendants also argue that the court should dismiss any official capacity claims against the individual defendants for alleged violations of FOIA because they are not proper defendants to such a claim.

Villar objects to defendants' motion to dismiss, and also moves to amend his complaint.  See doc. no. 29.  Villar's proposed amended complaint adds a claim for money damages, including punitive damages, and attorneys' fees.[6]  See doc. no.

_____

[5] Villar is now represented by counsel, who filed an appearance on April 19, 2016.

[6] At the time Villar filed his motion to amend, he was still proceeding pro se.

7

29-1.  Defendants object on futility grounds, arguing that the proposed amendment would be futile for the same reasons set forth in their motion to dismiss the original complaint.

In addition, Villar has filed a motion for a "subpoena duces tecum" (doc. no. 20), in which he asks the court to order defendants to submit for in camera review the documents which they withheld from his FOIA request.  Defendants object.

Villar has since obtained counsel to represent him in this litigation and filed a "supplemental response" to the outstanding filings, in which he addressed the merits of each pending matter.  See doc. no. 36.  Defendants have filed a reply to the supplemental response (doc. no. 37), and Villar then filed a "surreply" (doc. no. 39).  The court addresses each pending motion below.

I.   Motion to Amend

Villar moves to amend his complaint under Federal Rule of Civil Procedure 15(a) to add claims for punitive and compensatory damages, and for attorneys' fees.[7]  Defendants object, arguing, inter alia, that amendment would be futile

---

[7] The supplemental response improperly attempts to add additional allegations to the proposed amended complaint.  The court considers only those allegations included in the proposed amended complaint.  See Frappier v. Countrywide Home Loans, Inc., 750 F.3d 91, 96 (1st Cir. 2014).

because any § 1983/<u>Bivens</u> claim is barred under <u>Heck</u>.  Villar disagrees.

In response to a motion for leave to amend a complaint, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).[8]  To decide if justice requires leave to amend, the court considers all of the circumstances to "balance [] pertinent considerations." Palmer v. Champion Mortg., 465 F.3d 24, 30-31 (1st Cir. 2006).  Generally, the motion should be allowed in the absence of "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

An amendment is futile if it cannot survive the standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 132 (1st Cir. 2006).  In considering a motion under Rule 12(b)(6), the court assumes the truth of the properly

---

[8] In his motion to amend, Villar appears to argue that he is entitled to amend his complaint as a matter of course under Rule 15(a)(1).  That rule does not apply, however, as Villar filed his motion to amend more than 21 days after defendants filed their motion to dismiss.  Rule 15(a)(2) applies to Villar's motion.

pleaded facts and takes all reasonable inferences from the facts that support the plaintiff's claims. Mulero-Carrillo v. Roman-Hernandez, 790 F.3d 99, 104 (1st Cir. 2015). Based on the properly pleaded facts, the court determines whether the plaintiff has stated "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Here, Villar's proposed § 1983/Bivens claim alleges that defendants violated his due process rights both because they failed to disclose evidence favorable to him at his criminal trial and allowed false evidence to be admitted against him at trial. Such a claim "effectively challenges the legitimacy of Plaintiff's underlying conviction." Reeves v. United States, No. 1:16-cv-193-NT, 2016 WL 3189671, at *2 (D. Me. May 3, 2016), report and recommendation adopted, No. 1:16-cv-193-NT, 2016 WL 3190162 (D. Me. June 7, 2016). "The Heck Court ruled in no uncertain terms that when a section 1983 claimant seeks 'to recover damages for allegedly unconstitutional conviction or imprisonment,' he 'must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998) (quoting Heck, 512 U.S. at 486-87). Villar makes no such showing here.

10

In his surreply, Villar asserts that his claim is not barred by Heck because he is challenging the procedures used by defendants during his criminal trial.  He argues that Heck allows a § 1983 damages claim where a plaintiff seeks damages "for using the wrong procedures, not for reaching the wrong result . . . ."  Heck, 512 U.S. at 482-83.

Villar's proposed amended complaint makes no mention of procedures used during his criminal trial.[9]  Rather, Villar alleges that defendants wrongfully withheld evidence and submitted false evidence against him, which resulted in his conviction.  Heck bars such a claim.  See Skinner v. Switzer, 562 U.S. 521, 536 (2011) (holding that claims based on Brady violations "are outside the province of § 1983"); Heck, 512 U.S. at 479 (claims that defendants "knowingly destroyed" exculpatory evidence and caused "an illegal and unlawful voice identification procedure" to be used at plaintiff's trial were barred until the conviction was reversed or otherwise declared invalid); Evans v. Lopez, No. 98 C 2077, 2000 WL 631357, at *5 (N.D. Ill. May 12, 2000) ("Heck [] bars any claim that the

---

[9] Examples of challenges to procedures which are not barred by Heck include a challenge to state parole procedures, such as a parole board's consideration of harsher parole guidelines implemented after defendants' sentences, see Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005), and a claim that a criminal defendant is entitled to a hearing prior to sentencing, McBride v. Cahoone, 820 F. Supp. 2d 623, 632 (E.D. Pa. 2011).

defendants falsified evidence, withheld evidence, or otherwise corrupted the judicial process.").

Even if Villar had alleged that submitting false evidence and withholding exculpatory evidence during his criminal trial were procedural defects, Heck would still bar the claim.  A claim based on a procedural defect is permitted only where the alleged "procedural defect [does] not 'necessarily imply the invalidity of'" a conviction.  Spencer v. Kemna, 523 U.S. 1, 17 (1998) (quoting Heck, 512 U.S. at 487).  Claims based on allowing false evidence to be used at trial and refusing to turn over exculpatory evidence would call the validity of Villar's conviction into question, and are therefore barred by Heck. See, e.g., Spuck v. Clearfield Cty., Pa., 540 Fed. App'x 73, 74-75 (3d Cir. 2013).

As a result, the proposed amendment would be futile and the motion to amend (doc. no. 29) is denied.[10]

II.  Motion to Dismiss

The court turns now to defendants' motion to dismiss Villar's original complaint.  Defendants first move to dismiss

---

[10] Villar also argues that he should be allowed to amend his complaint to seek attorneys' fees for defendants' alleged FOIA violation.  To the extent Villar "substantially prevail[s]" on his FOIA claim asserted in his original complaint, he may be entitled to recover attorneys' fees subject to the court's discretion, regardless of whether he specifically seeks such fees in his complaint.  5 U.S.C. § 552(a)(4)(E)(i).

the constitutional tort claims Villar alleges in his original

complaint.  Defendants next argue that the FOIA claim should be

dismissed against Hardy and Keefe, because they are not the

proper defendants.

    A.   <u>Constitutional Claims</u>

In his supplemental response, Villar states with regard to

defendants' motion to dismiss the original complaint:

> Defendants argue that there is no <u>Bivens</u> claim for
> violation of the FOIA—Plaintiff does not plead in his
> complaint that there is.  Plaintiff pleads in his
> complaint that the <u>Bivens</u> claim relates to another
> subject of the complaint, that Defendants denied him
> due process by withholding evidence favorable to him
> at trial.

Doc. no. 36 at 3.  Thus, Villar makes clear that his purported

constitutional tort claims in his original complaint are based

on defendants' alleged violation of his due process rights at

his criminal trial, the same claim he alleges in his proposed

amended complaint.  For the reasons discussed above, those

claims are barred by <u>Heck</u> and are dismissed.

    B.   <u>FOIA Claim</u>

Defendants next contend that the court should dismiss the

FOIA claims against Hardy and Keefe because they are not proper

defendants to a FOIA claim.  FOIA confers jurisdiction over the

district courts to "enjoin the agency from withholding agency

records and to order the production of any agency records

improperly withheld from the complainant." 5 U.S.C. §
552(a)(4)(B).  Section 552(f) defines an "agency" as "any
executive department . . . or other establishment in the
executive branch of the Government (including the Executive
Office of the President), or any independent regulatory agency."
Id. § 552(f).  Therefore, federal agencies, and not individual
officials, are the only proper defendants in a FOIA action.  See
Naoum v. Chertoff, No. 06-12078-GAO, 2007 WL 335443, at *1 (D.
Mass. Feb. 1, 2007) (collecting cases); see also Bedgood v.
Mabus, No. 15cv454 WQH (BGS), 2015 WL 3647933, at *4 (S.D. Cal.
June 8, 2015) (collecting cases).  For that reason, Hardy and
Keefe are not proper defendants to Villar's FOIA claim.

Accordingly, defendants' motion to dismiss (doc. no. 15) is
granted.

III. Motion for Subpoena Duces Tecum

Villar moves for a "subpoena duces tecum," requesting that
the court conduct an in camera review of the documents he
alleges defendants have wrongfully withheld.  Defendants object.

FOIA's "basic purpose is to ensure an informed citizenry,
vital to the functioning of a democratic society, or, stated
more specifically, to open agency action to the light of public
scrutiny." Church of Scientology Int'l v. U.S. Dep't of
Justice, 30 F.3d 224, 228 (1st Cir. 1994) (internal quotation

14

marks and citations omitted).  FOIA requires governmental
agencies to disclose their records to the public upon request,
unless at least one of several enumerated exemptions applies.
5 U.S.C. §§ 552(a)(3) and 552(b).  An agency seeking to withhold
materials requested under FOIA bears the burden of proving that
those materials are exempt from disclosure.  Orion Research Inc.
v. EPA, 615 F.2d 551, 553 (1st Cir. 1980) (citing 5 U.S.C. §
552(a)(4)(B)).

    Although FOIA authorizes courts to conduct in camera review
of challenged documents, "[t]he legislative history indicates
that, before in camera inspection is ordered, an agency should
be given the opportunity to demonstrate by affidavit or
testimony that the documents are clearly exempt from disclosure,
and that the court is expected to accord substantial weight to
the agency's affidavit."  Bell v. United States, 563 F.2d 484,
487 (1st Cir. 1977) (internal quotation marks and citation
omitted).  To satisfy its burden without submitting undisclosed
records for in camera review, the agency "must furnish a
detailed description of the contents of the withheld material
and of the reasons for nondisclosure, correlating specific FOIA
exemptions with relevant portions of the withheld material."
Orion Research, 615 F.2d at 553.  The agency's justification for
the withholding must be sufficient to give the requester a
"meaningful opportunity to contest, and the district court an

adequate foundation to review, the soundness of the withholding." Church of Scientology, 30 F.3d at 231 (internal quotation marks and citations omitted).  Often, the written explanation will be accompanied by a so-called "Vaughn index," listing each document the government seeks to preclude from disclosure, along with a specific explanation for the withholding.[11]  See N.H. Right to Life v. U.S. Dep't of Health & Human Servs., 778 F.3d 43, 48 n.3 (1st Cir. 2015).

Here, defendants have not yet responded to Villar's complaint and are required to file an answer within 21 days of the date of this order.  See doc. no. 21 (Magistrate Judge's Order dated February 11, 2016).  Thus, defendants have not yet had an opportunity to demonstrate by affidavit or testimony that the documents are clearly exempt from disclosure.  As set forth in the February 11, 2016 order, the Magistrate Judge will hold a status conference after defendants file their answer, at which time the Magistrate Judge will set forth the appropriate deadlines in this case.  See id. at 2-3.  Therefore, Villar's motion seeking in camera review of the withheld documents is premature at this time.  Accordingly, the motion is denied, without prejudice to renew at an appropriate time.

_____

[11] The term derives from the oft-cited FOIA case, Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).

16

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss (doc. no. 15) and motion for extension of time (doc. no. 31) are granted.  Plaintiff's motion for a subpoena duces tecum (doc. no. 20) is denied without prejudice, and his motion to amend complaint (doc. no. 29) is denied.  Plaintiff's motion to amend his objection (doc. no. 30) is construed as an addendum to his earlier filings, and is terminated as a motion.

The FBI is the only remaining defendant in this case. Defendant shall file an answer to Villar's complaint **on or before September 6, 2016.**

SO ORDERED.

_____
Landya McCafferty
United States District Judge

August 15, 2016

cc:  T. David Plourde, Esq.
     Linda B. Sullivan Leahy, Esq.